IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DONTAE LUSTER, #M2366,**

      **Plaintiff,**

vs.                                     Case No. 18–cv–1169–DRH

**DIRECTOR JOHN BALDWIN,**
**ASSISTANT DEPUTY DIRECTOR**
**ATKINS,**
**JEFF DENNISON,**
**ASSISTANT WARDEN CAMPBELL,**
**ASSISTANT WARDEN WALKER, and**
**UNKNOWN PARTY,**

      **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Dontae Luster, an inmate at Shawnee Correctional Center ("Shawnee"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims his constitutional rights have been violated in various ways, including through unconstitutional conditions of confinement and an inadequate grievance procedure at Shawnee. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for Dismissal** – On review, the court shall identify

1

> cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to dismiss the Complaint without prejudice for failure to state a claim upon which relief may be granted.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on November 1, 2011, the Illinois Department of Corrections ("IDOC") Director Godinez signed a consent decree that designated Shawnee as a medium security facility. (Doc. 1, p. 6). "To this day, Shawnee C.C. is [run] as a 'punishment prison' where the prisoner housed there is treated to harsher conditions of

2

confinement to arbitrarily punish that Medium classified prisoner without legal right or justification by law." *Id.* At Shawnee, prisoners are subjected to "harsher conditions of confinement." *Id.*

Shawnee does not have an E-file system in place to enable inmates' access to the federal courts. *Id.* "Prison policy is to make the prisoner spend as much money as possible on copies, postage, and writing supplies . . . to deter the First Amendment activity of seeking federal review of IDOC policies at Shawnee." *Id.*

"Yard time is denied and cut short" so that it falls below 5 to 7 hours per week. *Id.* Gym lines are also cut to thirty minutes per line. *Id.*

The kitchen is dirty. (Doc. 1, p. 7). There are no steam tables on the serving line and no heaters to keep food hot. *Id.* There is also no hot water to wash trays, cups, and sporks used to feed the inmate population. *Id.* Food is also stored and served at room temperature. *Id.* Servers and cooks wear "dirty state blues" rather than "whites" and do not wear beard nets. *Id.* Food is served by hand by prisoner line workers. *Id.* The kitchen is run this way to retaliate and punish and "to impose harsher conditions of confinement on the prisoner population." *Id.*

Windows in certain units are broken and sealed shut with screws in the winter months, subjecting prisoners to cells with no ventilation. *Id.* Heaters also run on high with no way to lower them. *Id.*

There are no room keys. *Id.* Inmates are denied equal out of cell time and equal treatment. *Id.* Room keys are given to Medium-classified prisoners at

3

Centralia, Graham, and Danville Correctional Centers that also house Medium-classified prisoners.  *Id.*  This is "to arbitrarily punish" Shawnee prisoners.  *Id.*

The paint in the cells is peeling, exposing multiple layers.  *Id.*  The lights also do not work or do not have bulbs.  *Id.*  There is rust coming from the hot water line and no hot water in the showers except for the first few inmates in line.  *Id.*  There is an inadequate boiler system, so the majority of the prisoners are subjected to cold showers daily.  (Doc. 1, pp. 7-8).

Mattresses at the prison are soiled, dirty, stained, and do not have covers.  (Doc. 1, p. 8).  They have not been replaced in years.  *Id.*  There is padding pulled out and missing with feces and urine stains.  *Id.*  It smells bad.  *Id.*  Inmates are denied new mattresses as punishment.  *Id.*

Inmates are denied access to a grievance system.  *Id.*  Grievances are thrown away by staff, and when a prisoner requests that a grievance be answered, he is subjected to retaliatory acts by correctional staff.  *Id.*

Access to ice is once per day.  "All other Medium facilities . . . have access to ice at least twice daily in dayroom, or at morning and evening recreation times."  *Id.*  Equal treatment is denied to Shawnee inmates "as arbitrary punishment simply because [Plaintiff is] a Medium prisoner housed at Shawnee."  *Id.*

Plaintiff has "done nothing wrong" and has not received disciplinary tickets.  *Id.*

There is a $150 commissary limit imposed on Plaintiff to punish him.  *Id.*  Such a limit is not in place at Graham, Centralia, or Danville Correctional

Centers. *Id.*

Plaintiff requests for "all Medium classified and housed prisoners" to be treated equally. (Doc. 1, p. 10). He also seeks monetary damages and asks for the various conditions of confinement described herein to be remedied. *Id.*

### Discussion

Pursuant to Federal Rule of Civil Procedure 8, plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, vague references to a group or list of defendants, without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996).

The Complaint fails to state a claim upon which relief may be granted, in that the named defendants are not included in the statement of claim, much less associated with unconstitutional actions. For this reason, the Complaint does not survive preliminary review and shall be dismissed without prejudice. Plaintiff will

5

be granted leave to file an amended complaint, however, according to the instructions and deadlines set forth in the disposition.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3) that is hereby **DENIED**. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff claims that he wrote several attorneys but has not received a response. (Doc. 3, p. 1). Plaintiff has not provided the names of the attorneys he allegedly contacted, nor has he attached copies of documents that would support his assertion that he has made a reasonable effort to retain counsel. Plaintiff has therefore not shown that he made a reasonable attempt to find counsel.

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, the Court cannot say what claims will actually be at issue, as Plaintiff's

Complaint is in violation of Rule 8 and it is unclear what claims he will ultimately seek to bring. He is being given leave to file an amended complaint herein so he may bring focus to his intended claims. Further, from a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's complaint is legible and comprehensible. Though Plaintiff indicated that he cannot speak, write, and/or read English very well, he did not provide an explanation for this as the form requires, and the Complaint provides evidence to the contrary.

The Court concludes that Plaintiff failed to show that he made a reasonable attempt to find counsel and appears to be competent to litigate his case at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. Plaintiff may choose to file a motion for counsel at a later stage in the litigation.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **BALDWIN**, **ATKINS**, **DENNISON**, **CAMPBELL**, **WALKER**, and **UNKNOWN PARTY** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case,

7

Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support his claims, within 28 days of the entry of this order (on or before July 12, 2018). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because Plaintiff has thus far failed to state a claim upon which relief may be granted.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1169-DRH). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. **Claims found to be unrelated will be severed into new cases, new case numbers will be**

**assigned, and additional filing fees will be assessed.**

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.14
16:46:27 -05'00'

United States District Judge