**FILED**

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Illinois

JUL - 2 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

DONTAE LUSTER M-23661 )
_____ )   Case Number: 18-cv-1169-DRH
_____ )                (Clerk's Office will provide)
                                )
      *Plaintiff/Petitioner(s)* )   ☐ CIVIL RIGHTS COMPLAINT
              v.                )   pursuant to 42 U.S.C. §1983 (State Prisoner)
Director John Baldwin, Asst.    )   ☐ CIVIL RIGHTS COMPLAINT
Director Atkins, Warden Jeff    )   pursuant to 28 U.S.C. §1331 (Federal Prisoner)
Dennison, Warden Campbell,Warden)   ☐ CIVIL COMPLAINT
Grissom, Warden Walker, Major   )   pursuant to the Federal Tort Claims Act,
Hille,   *Defendant/Respondent(s)* Major )   28 U.S.C. §§1346, 2671-2680, or other law
Drafis, Major Farner

### FIRST AMENDED COMPLAINT

I.  **JURISDICTION**

**Plaintiff:** Dontae Luster M-23661

A.  Plaintiff's mailing address, register number, and present place of confinement.
    Shawnee C.C.
    6665 State Route 146E
    Vienna, IL 62995

**Defendant #1:**

B.  Defendant Director John Baldwin _____ is employed as
              (a)   (Name of First Defendant)

    Illinois Department of Corrections Director _____
              (b)   (Position/Title)

    with I.D.O.C. 1301 Concordia Court, Springfield _____
              (c)   (Employer's Name and Address)

    Illinois 62701

    At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

    If your answer is YES, briefly explain: Director I.D.O.C..

**Defendant #2:**

C. Defendant **Asst. Director Akkins** is employed as

(Name of Second Defendant)

**Illinois Southern District Deputy Director**
(Position/Title)

with **Illinois Department of Corrections**
(Employer's Name and Address)

**1301 Concordia Court, Springfield, IL 62701**

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government? ☒ Yes ☐ No

If you answer is YES, briefly explain: Deputy Director I.D.O.C..

**Additional Defendant(s) (if any):** All other Defendants listed below work at the Shawnee C.C. outside Vienna, Illinois. Employed by I.D.O.C..

D. Using the outline set forth above, identify any additional Defendant(s).

Warden Jeff Dennison employed as CAO at the Shawnee C.C., 6665 State Route 146E, Vienna, IL 62995
Warden Campbell was employed as the Asst. Warden at Shawnee. Retired in Spring of 2018.
Warden Grissom replaced Warden Campbell as the Asst. Warden of Operations at Shawnee.
Warden Walker works at the Shawnee C.C. as the Asst. Warden of Programs.
Major Hille works at the Shawnee C.C. as a Shift Commander and Major.
Major Drafis works at the Shawnee C.C. as a Shift Commander and Major.
Major Farner works as the Shift Commander at the Shawnee C.C. on the 3 to 11 p.m. shift.
All employees listed here work at the Shawnee C.C.. Warden Campbell has left, or retired, from his position in early Spring of 2018. All were employed as I.D.O.C. Staff during the time line brought here.

II.     **PREVIOUS LAWSUITS**

    A.     Have you begun any other lawsuits in state or federal court relating to your imprisonment?     ☐ Yes     ☐ No

    B.     If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint</u>.

        1.     Parties to previous lawsuits:
                 Plaintiff(s):

                 Defendant(s):

        2.     Court (if federal court, name of the district; if state court, name of the county):

        3.     Docket number:

        4.     Name of Judge to whom case was assigned:

        5.     Type of case (for example: Was it a habeas corpus or civil rights action?):

        6.     Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):

        7.     Approximate date of filing lawsuit:

        8.     Approximate date of disposition:

III. **GRIEVANCE PROCEDURE**

    A.    Is there a prisoner grievance procedure in the institution? ☒ Yes    ☐ No

    B.    Did you present the facts relating to your complaint in the prisoner grievance procedure? ☒ Yes    ☐ No

    C.    If your answer is YES,
        1.    What steps did you take? Exhausted all three. Counselor, Grievance Officer, and Administrative Review Board.

        2.    What was the result? I.D.O.C. Staff stated the issue had no merit. Refused to answer it.

    D.    If your answer is NO, explain why not.

    E.    If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes    ☐ No

    F.    If your answer is YES,
        1.    What steps did you take?

        2.    What was the result?

    G.    If your answer is NO, explain why not.

    H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not: Grievances and response attached.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** Luster (Last Name)   Dontae (First Name)   ___ (MI)   M23661 (ID#)

**Facility:** Shawnee

☒ Grievance: Facility Grievance # (if applicable) _____   Dated: 4/20/2018   or ☐ Correspondence: Dated: _____

Received: 5/1/2018 (Date)   Regarding: Other/same treatment as other facilities

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.
- ☐ Provide dates when incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor or Field Services regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
- ☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.
- ☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____ (Date)
- ☒ No justification provided for additional consideration.

**Other** (specify): No Merit

Completed by: Patty Thull (Print Name)   Signature: Patty Thull   Date: 5/11/18

# Illinois Department of Corrections
## Offender's Grievance

**Date:** 4-20-18    **Offender (Please Print):** Dontae Luster    **ID#:** m23661

**Present Facility:** Shawnee    **Facility where grievance issue occurred:**

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): In institional Procedyure

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
- Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
- Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
- Chief Administrative Officer, only if EMERGENCY grievance.
- Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance:** 14 Amendment U.S constitution equal protection equal treatment under the law. The act of running the Shawnee C.C as a medium max facility is illegal. under the consent Decree of November 1st, 2011, at moorhead-vs-mcGinnis et al, #86-2020 C.D Ill. the level system was ruled disband, therefore, there is no more medium max facilies. 20 Ill. Adm. code 460, 503; subpart B and 505, to run a prison on the concept of a "punishment prison" violates the very concept of Due process of the law. found in U.S supreme court case of wolff-vs mc Donnell 94 S.ct. 2963 (1973) for no prisoner can be punished arbitrarily by staff. A ticket must be written, 24 hour notice given An adjustment committee fair tribunal must be convened. the right to present a defense and call witnesses must be

**Relief Requested:** check on the Back page →

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

**Offender's Signature:** Dontae Luster    **ID#:** m23661    **Date:** 4/20/18

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

**Date Received:** 4/23/18    [x] Send directly to Grievance Officer    [x] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** Offender can not Grieve at Facility Classification.

No Merit
Returned 2nd Time - 4/25/18

**Counselor's Signature / Date of Response:** 04/23/18

RECEIVED MAY 01 2018 ADMINISTRATIVE REVIEW BOARD

### EMERGENCY REVIEW

**Date Received:** ___/___/___    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

**Chief Administrative Officer's Signature / Date:**

Distribution: Master File; Offender    Page 1    DOC 0046 (8/2012)
Printed on Recycled Paper

(margin notes: Please return !! / 4-18-18 / 4-26-18 / Made copys 4-18-18)

afforded to the prisoner. So the concept of running a "punishment prison" violates the 14th Amendment Due process of the law requirements set up by the U.S supreme court, to treat each similarly classified and housed medium security prisoners differently to impose harsher conditions of confinements, to deny the same out of cell time, programs and policies violates the equal protection clause of the 14th Amendment to the U.S Constitution found in these cases. Mackenzie-vs-Rockledge 920 F. 2d 1554 (11th cir 1991) Holding unequal application of regulators may violate 14th Amendment equal protection clause. Borzych-vs-Frank 340 F-supp. 2d 955 (W.D. Wis. 2004) holding same "class of one" theory as to equal treatment of similarly classified and housed prisoners. Alicea-vs-Howell, 387 F-supp 227 (W.D. N.Y. 2005) at (15) stating in order to succeed on a "class of one" equal protection claim the prisoner must show he or she is treated differently then the other prisoners whom they compare themselves too. Pyler-vs-Doe, 457 U.S 202, 72 L.ed, 786, 102. S.ct. 2382 (1982) holding the 14th Amendment equal protection claim extends to anyone citizen, alien, prisoner who is subjust to the law of a state. Durso-vs-Rowe 579 F. 2d 1365 (7th cir 1978) holding the court established the fact that due process rights are not restricted to statutory created right but may be found in official policies and practices. Every medium classified prisoner in the I.D.O.C requires the same treatment privileges, programs, and policies to run a medium max concept in prison policies violates the consent Decree 05.06.110 violates equal protection under the law for we are further punished and subjected to harsher conditions of confinement illegally. The state I.D.O.C website state Shawnee is <u>medium facilty</u>..

Relief: I want the same treatment, Room Key, out of my cell time, programs, and Policies as the medium prisoners housed at the Centralia and Graham facilies. Equal treatment under the law...

Thank you for your time to read!!

*Jontae Luster*
M23661

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

<u>Claim One</u>: Retaliation for grievances filed. Warden Jeff Dennison will not install the E-File system at Shawnee. His policy is in place to make it as hard on me as possible to bring any action. This by charging me for copies and postage. This to deter the prisoner living off the State Pay Stipend. When a Grievance is filed Major Hille lets his Security Officer-in which the grievance was written-retaliate. Major Hille lets the Correctional Staff get a copy and go on the gallery that I am on and punish everyone by taking their recreation, or dayroom time. Telling them it is my fault they are treated this way. Thus, trying to get me silenced by my fellow prisoners.
Major Hille, Warden Jeff Dennison, allowed the Security Staff to rip out all the grievances boxes in my cellhouse. Then Major Hille and Wardens Dennison, Grissom, Campbell, and Walker, let the Security Staff tear out all the dispensory boxes for the prisoner to get a grievance from. My building I am housed in. Now a prisoner, like myself, must go to the Correctional Staff to get a grievance. I am questioned and then harrased for asking for one. Targeted and harassed by Security. Or simply denied a grievance form.
Now when I do file a grievance I must place it in the mail box. This is picked up and placed in the mail bag by Correctional Staff. They are allowed to throw them away, or give it to the staff member it is written on. Counselor always states, "I never received your grievance." Denied access to the grievance procedure by the acts of Wardens Dennison, Campbell, Grissom, Walker, and Major Hille, who allowed the Security Staff they supervise remove the grievance boxes and dispensory boxes. Violates the First Amendment.

<u>Claim Two-</u>: 8th Amendment Cruel and Unusual conditions of confinement. I am further subjected to conditions of confinement that are there to subject me to further punishment for being sent to the Shawnee C.C.. Wardens Dennison, Campbell, Grissom, Walker, and Majors Hille, Drafis, and Farner allow this living conditions to remain in place. I have grieved these issues. Written letters. But received no answer or response. Due to the high number of mentally ill prisoners, and the jailhouse litigators, the Shawnee prisoner population is locked in a cell all day. The mattress in my cell is covered in sweat, urine, and feces stains. Have been opened, and I am unable to clean it. Two house has an outbreak this year of bed bugs and scabies in the mattresses. I get sick rashes all the time from this mattress. Back pain from the mattress padding being gone. Forced each day to smell the foul odor coming off it.

The paint in the cell is peeling so bad it sticks to my skin when I lean on the wall. I find it in my clothing, bedding, hair each day. Some days in my food cooked if I do not keep it covered. I am only allowed to clean the cell twice a month. The lights are broken open. The bulbs removed, or they simply do not work. There is rust coming out in the hot water in my cell. The hot water in the shower is only good for the first two or three guys in line. Then runs out subjecting me to take a cold shower daily. Most days the men coming in from job assignments in the kitchen use up the hot water before dayroom is ran.
The kitchen is dirty. Several times I have eaten there and got really sick. Stomach cramps, throwing up, with bad diarrhea.
A cold bleach is used to wash the trays in cold water. The trays are filled with this bleach water when placed on the serving line. The food is then placed on top of this bleach water and absorded into my food. Gives me stomach pains and problems. There is no heaters to keep the prisoner food hot. Most meals I get are cold as--Two House is the last to eat. The men serving the food are dressed in dirty stained clothing. Not required to wear beard nets. Most have full beards. Not required to be clean shaved. I have found hair in my food many times. Warden Jeff Dennison, and the Wardens and Majors, Campbell, Grissom, Walker, Major Hille, Drafis, and Farner turn a blind eye to these health code violations in order to produce a regime where I am punished with these health code violations to further punish me for being housed at the Shawnee Prison.
Yard and gym are shorted and cancelled weekly as a way to keep the mentally ill prisoner locked in his cell. I am denied adequate recreation to keep my body fit. My body is deteriorating fast. Gym lines cut to thirty minutes for no other reason then to further punish me for being sent to Shawnee. I have written numerous letters and grievances on this act. But never answered or responded too. Warden Jeff Dennison condones these acts. As Warden Walker, the Program Warden, writes a weekly schedule, but turns a blind eye to the fact the Shift Commanders, Hille, Drafis, and Farner, are allowed to cancel them each week. Due to the case of <u>Rasho-vs-Walker, U.S.C.D. Case No. 1:07-cv-01298-MMM</u> the I.D.O.C. Administration can not use segregation as a place to house the mentally ill. Therefore, these conditions of confinement are in place to house the mentally ill at Shawnee.
The windows in One and Two House are broken. Open screens with holes torn to allow access to open and close the window by hand. Bugs come in the cell and bite me daily. In the winter the window is screwed shut by maintenance crews. I am not able to breath. The dirty ventilation syatem is never cleaned or turned on. I get nose bleeds, trouble breathing, and subjected to extreme heat in the cell with no way to vent the cell. Warden Jeff Dennison orders the windows closed and turns a blind eye to the failing maintenance of his prison I am housed in.

Page 5B

<u>Claim Three:</u> The Shawnee C.C. is ran by the Wardens and Majors. They are the Administrators that set policy. Director Baldwin and Asst. Director Atkins have been written too, sent grievances to on this conditions, but turned a blind eye to the discriminatory policy and regime in place.
Wardens Jeff Dennison, Warden Campbell, Warden Grissom, and Warden Walker know it is illegal to discriminate against the mentally ill prisoner that is 65 percent of the population housed at the Shawnee C.C.. Then you place the number of prisoner litigators subjected to confinement at Shawnee and you have the regime in place to subject these prisoners to harsher conditions of confinement to deter their activity as mentally ill, and prisoner litigators.
I do not get tickets, nor am I a prisoner litigator. But I am subjected to this discriminatory policy in place that denies me the same treatment as given the same Medium Classified and Housed prisoner in the I.D.O.C.. The men housed at the Centralia, Graham, Danville, facilities. I am subjected to these harsher conditions of confinement simply because I was shipped here to fill bedspace.
Denied a key to my cell. The same out of cell time as the other classified and housed Medium Security Prisoner. Access to phones, ice, dayroom time, yard, and gym, is severely restricted at Shawnee with no legitimate reason.
There is a 150 dollar limit in place at the commissary, But this limit is not applied to the prisoner housed at the other Medium Classified and Housed prisons of Graham, Centralia, and Danville.
I am the same Medium Classified and housed prisoner as those at Danville, Graham, and Centralia. But Wardens, Dennison, Grissom, Campbell, and Walker treat me to more severe conditions of confinement to discriminate and impose harsher conditions of confinement
The Administrator do willing, and knowing select me and subject me to these discriminatory policies. To subject me to further punishment when I have done nothing wrong to be subjected to this treatment. Director Baldwin, and Asst. Director Atkins, turns a blind eye to this illegal discrimination in place.
Wardens Dennison, Campbell, Grissom, and Walker place this regime into action each day at the Shawnee C.C..
This discriminatory policy was to stop when the Level System was ruled illegal and disband on November 1st, 2011.
The 14th Amendment Equal Treatment under the Law is violated here by these defendants daily.

Page 5C

V. **REQUEST FOR RELIEF**

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

I request the discriminatory policies in place to subject harsher conditions of confinement be stopped. Equal treatment, policies, and programs applied to all Medium Classified and Housed prisoners.
2. I want one-hundred dollars a day in compensatory damages for every day I have spent housed at Shawnee C.C. and subjected to these conditions of discriminatory, cruel and unusual punishment. I want what every punitive damages are awarded by the jury to deter and stop this illegal treatment by these defendants at bar.
3 I want the maintenance brought up to par. The showers, kitichen, windows fixed. New paint.

VI. **JURY DEMAND** (check one box below)

The plaintiff ☒ does ☐ does not request a trial by jury.

**DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: 6-28-2018
(date)

_Dontae Luster_
Signature of Plaintiff

Shawnee C.C. 6665 State Route 146E
Street Address

Dontae Luster
Printed Name

Vienna, IL 62995
City, State, Zip

M-23661
Prisoner Register Number

Signature of Attorney (if any)

(Rev. 7/2010)                                6

Dontae Luster m23661
Shawnee Corr Center
6665 State Rt 146 East
Vienna IL 62995

Clerk
United States District Court
East St. Louis, IL, 62202

MAIL CLEARED
US MARSHALS

This correspondence is from an inmate in the Illinois Department of Corrections

FSC MIX Envelope FSC® C137131

RECEIVED
JUL 0 2 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

legal mail

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2013