# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DONTAE LUSTER, #M23661,**

    **Plaintiff,**

vs.                                        Case No. 18–cv–1169–DRH

**DIRECTOR JOHN BALDWIN,**
**JEFF DENNISON,**
**ASSISTANT WARDEN CAMPBELL,**
**ASSISTANT WARDEN WALKER,**
**ASSISTANT DIRECTOR AKKINS,**
**ASSISTANT WARDEN GRISSOM,**
**MAJOR HILLE,**
**MAJOR DRAFIS, and**
**MAJOR FARNER,**

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff Dontae Luster, an inmate at Shawnee Correctional Center ("Shawnee"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Amended Complaint, Plaintiff claims his constitutional rights have been violated in various ways, including through unconstitutional conditions of confinement and retaliation for filing grievances. (Doc. 7). This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any claim that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant

1

who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint (Doc. 7), Plaintiff makes the following allegations: Warden Dennison will not install an E-File system at Shawnee which makes it difficult for Plaintiff to file lawsuits because he has to pay for copies and postage. (Doc. 7, p. 8). When Plaintiff files a grievance, Major Hille lets officers retaliate by taking recreation and dayroom time from inmates in the gallery and telling everyone it is Plaintiff's fault. *Id.* Hille and Dennison also allowed officers to remove grievance boxes and Hille, Dennison, Grissom, Campbell, and Walker let the officers remove grievance forms from Plaintiff's cell house. *Id.*

Plaintiff also complains about various conditions of confinement he attributes to Dennison, Campbell, Grissom, Walker, Hille, Drafis, and Farner, including dirty, uncomfortable mattresses with bed bugs and scabies, peeling paint, a dirty cell, broken lights, rust in the water, cold showers, a dirty kitchen, bleach in the food, cold meals, poor ventilation, biting bugs, and a lack of recreation time. (Doc. 7, pp. 8-9). Plaintiff further takes issue with how the conditions at Shawnee compare to those at other medium security prisons in Illinois. (Doc. 7, p. 10).

Plaintiff requests monetary damages and permanent injunctive relief. (Doc. 7, p. 11).

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the *pro se* action into 5 counts. The parties and the Court will

use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Dennison impedes Plaintiff's access to the Courts by refusing to install an E-Filing system at Shawnee, in violation of the First Amendment.
>
> **Count 2 –** Hille allows officers to retaliate against Plaintiff for filing grievances by punishing inmates and telling them it is Plaintiff's fault, in violation of the First Amendment.
>
> **Count 3 –** Hille, Dennison, Grissom, Campbell, and Walker violated Plaintiff's First and/or Fourteenth Amendment rights by removing grievances and grievance boxes from his cell house.
>
> **Count 4 –** Dennison, Campbell, Grissom, Walker, Hille, Drafis, and Farner subjected Plaintiff to unconstitutional conditions of confinement, including but not limited to a dirty mattress, poor ventilation, and an unsanitary kitchen, in violation of the Eighth Amendment.
>
> **Count 5 –** Defendants discriminate against inmates at Shawnee by subjecting them to harsher conditions than are in place at other medium security prisons, in violation of the Fourteenth Amendment.

As discussed in more detail below, Counts 2 and 4 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Access to Courts

The right to access the courts is violated when a prisoner is deprived of such access and suffers actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a claim, a plaintiff must explain "the connection between the alleged

denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). Plaintiff has not explained how the lack of E-Filing at Shawnee caused him to suffer an actual injury in connection with any present or impending lawsuit, so he has failed to state an access to courts claim based on it. Count 1 will therefore be dismissed without prejudice.

### Count 2 – Retaliation

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). To state a claim for retaliation, "a plaintiff must allege only enough to put the defendants on notice and enable them to respond." *McElroy v. Lopac,* 403 F.3d 855, 858 (7th Cir. 2005).

Plaintiff suggests that Hille implemented and/or maintained a policy allowing prison officials to retaliate against inmates for filing grievances. According to Plaintiff, pursuant to the alleged policy, when an inmate files a grievance, his entire wing or unit is punished, thereby deterring First Amendment activity in the future. Plaintiff suggests he was subjected to this retaliatory policy for filing one or more grievances. These allegations are sufficient to allow Count 2 to proceed against Hille.

### Count 3 – Grievances

Plaintiff's allegations that Defendants made it difficult for him to submit grievances do not state a constitutional claim. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Because administrative remedies are considered to be unavailable under the Prison Litigation Reform Act when prison officials refuse to provide grievance forms or do not respond to grievances, any First Amendment claim Plaintiff seeks to bring about the grievance procedure must also fail. *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citations omitted). Count 3 will therefore be dismissed with prejudice.

### Count 4 – Conditions of Confinement

The conditions described by Plaintiff (e.g., pest infestations, an unsanitary mattress, a dirty cell and kitchen, poor ventilation) are objectively serious enough to implicate the Eighth Amendment. *See* e.g., *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016) (insect infestation along with lack of cleaning supplies and broken window in cell); *Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013) (considering combined effect of conditions); *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) (prolonged pest infestation).

Plaintiff's allegations that Dennison, Campbell, Grissom, Walker, Hille, Drafis, and Farner allow these conditions to remain in place and turn a blind eye to them is sufficient to state an Eighth Amendment claim at this early stage. Count

4 will therefore proceed against them.

### Count 5 – Discrimination

Plaintiff claims that the inmates at Shawnee are subjected to harsher conditions than inmates at other medium security prisons. To the extent he seeks to bring a discrimination claim based on this discrepancy, it will fail. The Constitution does not require the state to provide identical privileges or amenities to all inmates housed in the various prisons within a certain classification. "[A] mere inconsistency in prison management," such as Plaintiff describes in contrasting Shawnee with other medium-security prisons, "may not in itself constitute a cognizable equal protection claim." *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978). Count 5 will therefore be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **HILLE**.

**IT IS FURTHER ORDERED** that **COUNTS 3** and **5** are **DISMISSED** with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that **COUNT 4** shall **PROCEED** against **DENNISON**, **CAMPBELL**, **GRISSOM**, **WALKER**, **HILLE**, **DRAFIS**, and **FARNER**.

**IT IS FURTHER ORDERED** that **BALDWIN** and **AKKINS** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 2** and **4**, the Clerk of Court shall prepare for **DENNISON**, **CAMPBELL**, **GRISSOM**, **WALKER**, **HILLE**, **DRAFIS**, and **FARNER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United

States Magistrate Judge for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.04
11:33:34 -05'00'

**United States District Judge**